UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JOHN D. TALBOT

    Plaintiff,

vs.

THE CENTER FOR REGENERATIVE
MEDICINE, INC., MIAMI BLUES
RESTAURANT, INC.,
GENORTHIX.COM, INC.
and ALIMORAD FARSHCHIAN

    Defendants.
_____/

# **COMPLAINT**

COMES NOW Plaintiff, JOHN D. TALBOT, by and through his undersigned attorney, and hereby sues Defendants, THE CENTER FOR REGENERATIVE MEDICINE, INC., MIAMI BLUES RESTAURANT, INC., GENORTHIX.COM, INC., AND ALIMORAD FARSHCHIAN, individually, and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant THE CENTER FOR REGENERATIVE MEDICINE, INC. is a Florida corporation which regularly conducted business within the Southern District of Florida.

6. Defendant MIAMI BLUES RESTAURANT, INC. is a Florida corporation which regularly conducted business within the Southern District of Florida.

7. Defendant GENORTHIX.COM, INC., is a Florida corporation which regularly conducted business within the Southern District of Florida.

8. THE CENTER FOR REGENERATIVE MEDICINE, INC., MIAMI BLUES RESTAURANT, INC., and GENORTHIX.COM, INC. are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, THE CENTER FOR REGENERATIVE MEDICINE, INC., MIAMI BLUES RESTAURANT, INC., and GENORTHIX.COM, INC operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and THE CENTER FOR REGENERATIVE MEDICINE, INC., MIAMI BLUES RESTAURANT, INC., and GENORTHIX.COM, INC. obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, and has two or more employees on a regular and consistent basis that handle goods and/or materials that had moved in interstate commerce previously.

9. Upon information and belief, the annual gross sales and/or business done for THE CENTER FOR REGENERATIVE MEDICINE, INC. was at all times material hereto in excess of $500,000.00 for the years 2015 and 2016.

10. Upon information and belief, the annual gross the annual gross sales and/or business done for GENORTHIX.COM, INC., was at all times material hereto in excess of $500,000.00 for the years 2015 and 2016.

11. The combined gross sales and/or business done for THE CENTER FOR REGENERATIVE MEDICINE, INC., GENORTHIX.COM, INC. AND MIAMI BLUES RESTAURANT, INC. exceeded $500,000 for the years 2015 and 2016.

12. Upon information and belief THE CENTER FOR REGENERATIVE MEDICINE, INC., GENORTHIX.COM, INC. AND MIAMI BLUES RESTAURANT, INC. are involved in a joint enterprise as defined by 29 U.S.C. 203(r) as the related activities between the three Companies, performed through unified operation and/or common control through the management of ALIMORAD FARSHCHIAN who is president of all three corporations, are done for a common business purpose and share employees like Plaintiff, clients, equipment, finances and worked on the same property.

13. By reason of the foregoing, THE CENTER FOR REGENERATIVE MEDICINE, INC., GENORTHIX.COM, INC. AND MIAMI BLUES RESTAURANT, INC. is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

14. The individual Defendant, ALIMORAD FARSHCHIAN, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant ALIMORAD FARSHCHIAN controlled the purse strings for the corporate Defendant. Defendant ALIMORAD FARSHCHIAN hired and fired

employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

15. Upon information and belief, THE CENTER FOR REGENERATIVE MEDICINE, INC., GENORTHIX.COM, INC. AND MIAMI BLUES RESTAURANT, INC. jointly employed the Plaintiff. All three entities share a common officer in Alimorad Farshchian. All three entities had an arrangement to share the services of Plaintiff and pay Plaintiff for his services. Accordingly, THE CENTER FOR REGENERATIVE MEDICINE, INC., GENORTHIX.COM, INC. AND MIAMI BLUES RESTAURANT, INC. act directly in the interest of all three companies in relation to the Plaintiff. The entities are not completely disassociated with respect to controlling the Plaintiff's work, and the corporate entities share in controlling Plaintiff's work. Specifically, all three entities control the schedule and the hours that Plaintiff worked, and the pay that Plaintiff received. Accordingly, Plaintiff is under the common control of all three entities.

## COUNT I: UNPAID OVERTIME WAGES

16. Plaintiff re-alleges and re-avers paragraphs 1 through 15 as fully set forth herein.

17. Plaintiff was employed by the Defendants as a non-exempt driver and security guard. Plaintiff performed work in both Miami-Dade and Broward County, Florida.

18. Plaintiff was employed from on or about March 15, 2015 through December 26, 2016.

19. Plaintiff worked approximately 60 hours per week during the first two months of his employment with Defendants, then worked an average of 55 hours a week during the next two months of his employment with Defendants, then worked an average of 50 hours a week during the next 6 months of his employment with Defendants, then worked 45 hours a week during the

next 5 months of his employment with Defendants, then worked 45 hours a week for Defendants for approximately 10 weeks out of the last 6 months that he worked for Defendants.

20. Plaintiff was paid $20/hr. for his work as a driver and $13/hr. for his work as security guard for Defendants, but was not paid any wages for the last two weeks of his employment with Defendants and was never paid the premium overtime rate for each hour of overtime worked. Plaintiff therefore claims the halftime overtime rate for each hour worked above 40 with the exception of the last two weeks of his employment when he was not paid any wages whatsoever and is therefore claiming time and one half for each overtime hour worked during the last two weeks of his employment with Defendants.

21. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

22. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219, 29 C.F.R. § 778.112, 29 C.F.R. §516.2 and §516.4 and <u>et seq</u>. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

23. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and

their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

24. The similarly situated individuals are those individuals whom were employed by the Defendants as laborers like the Plaintiff, and whom were not paid overtime wages.

25. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II. CLAIM FOR FLSA MINIMUM WAGES

26. Plaintiff re-alleges and re-avers paragraphs 1 through 15 as fully set forth herein.

27. Plaintiff was employed by Defendants from on or about March 15, 2015 through December 26, 2016.

28. Plaintiff was paid $20/hr. for his work as a driver and $13/hr. for his work as security guard for Defendants, but was not paid any wages whatsoever for the last two weeks of his employment whereby he worked a total of 112.5 hours for which he was not paid any wages for.

29. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. Defendants failed to pay minimum wages to the Plaintiff during this two week period.

30. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage she was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

31. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III. CLAIM FOR UNPAID WAGES UNDER F.S. 448.08

Comes Now Plaintiff, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further states:

32. This Court has jurisdiction for Plaintiff's claim for unpaid wages under the Court's Supplemental Jurisdiction. 28 USC §1367.

33. This is a claim for unpaid wages pursuant to Florida Statute § 448.08.

34. Plaintiff was employed by Defendants from on or about March 15, 2015 through December 26, 2016.

35. Plaintiff was paid $20/hr. for his work as a driver and $13/hr. for his work as security guard for Defendants, but was not paid any wages whatsoever for the last two weeks of his employment whereby he worked a total of 112.5 hours for which he was not paid any wages for. Between the dates of December 12, 2016 through December 18, 2016 Plaintiff worked 47 hours as a driver and 9 hours as a security guard for Defendants. During the dates of December 19, 2016 through December 23, 2016 Plaintiff worked 40 hours as a driver and 9 hours as a security guard. On December 26, 2016, Plaintiff worked 3 hours as a driver and 3.5 hours as a security guard.

36. Plaintiff was not paid any wages for these 112.5 hours of work.

37. Plaintiff therefore brings a claim pursuant to Florida Statute 448.08 for all unpaid wages owed to Plaintiff for the 112.5 hours of work for which Plaintiff was not paid any wages.

38. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

Wherefore, Plaintiff requests all damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute 448.08 as cited above, to be proven at the time

of trial for all wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with liquidated damages, court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 9, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561